Carly M. Roman (SBN 349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
T: (872) 263-1100
F: (872) 263-1109
croman@straussborrelli.com

*Attorneys for Plaintiff and Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW ROGERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL CLIENT GROUP, INC., a California Corporation,<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## Nature of this Action

1. Mathew Rogers ("Plaintiff") brings this class action against Capital Client Group, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. As the Supreme Court has explained, "Americans passionately disagree

CLASS ACTION COMPLAINT
Page 1

about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3.  Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

4.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection

with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court as Defendant is headquartered in this District and directed its artificial or prerecorded voice messages to Plaintiff from this District.

## Parties

7. Plaintiff is a natural person.

8. Defendant is a corporation headquartered in Los Angeles County, California.

## Factual Allegations

9. Plaintiff is, and at all relevant times was, the subscriber to, and sole regular and customary user of his cellular telephone number—(608) 774-XXXX.

10. Plaintiff's cellular telephone number has been registered with the National Do Not Call Registry since January 2007.

11. Plaintiff uses his phone number for personal, residential, and household purposes.

12. Plaintiff's cellular telephone number is not associated with any businesses, nor does Plaintiff use the telephone number for business purposes.

13. Plaintiff has never been a customer of Defendant nor consented to receive calls from Defendant.

14. Despite this, Defendant received numerous calls and voicemails from Defendant.

15. Plaintiff received three calls with prerecorded voicemails from Defendant.

16. On September 2, 2025, Defendant called Plaintiff from (608) 367-6005 and left the following voicemail:

> Hi, this is Barbara with Capital Group. Um, I'm calling because based on your records for your company, you currently qualify for a line of credit for up to 250,000 dollars with low, single-digit rates. So, please just go ahead and give me a call back at (682) 245-6511 so we can get this application completed. I look forward to speaking with you.

17. On September 26, 2025, Defendant called Plaintiff from (818) 412-4782 and left the following voicemail:

> Hi, this is Barbara with Capital Group. Um, I'm calling because based on your records for your company, you currently qualify for a line of credit for up to 250,000 dollars with low, single-digit rates. So, please just go ahead and give me a call back at (682) 245-6511 so we can get this application completed. I look forward to speaking with you.

18. On October 2, 2025, Defendant called Plaintiff from (940) 233-7191 and left the following voicemail:

> Hi, this is Amanda with Capital Group. Um, I'm calling because based on your records for your company, you currently qualify for a line of credit for up to 250,000 dollars with low, single-digit rates. So, um, please just go ahead and give me a call back at (949) 919-8976 so we can get this application completed. I look forward to speaking with you.

19. Defendant's first two voicemails were identical.

20. Defendant's third voicemail was nearly identical to the first two other than the caller stating their name was "Amanda" instead of "Barbara" and providing a different callback telephone number.

21. Each had the same tone, voice, style and content and were generic in nature.

22. Given the generic nature of the messages, the content of the messages, and that the messages were similar in tone, voice, content, and style, the messages Defendant delivered, or caused to be delivered, to telephone number (608) 774-XXXX were artificial or prerecorded in nature.

23. Plaintiff listened to each of the above-referenced artificial or prerecorded voice messages Defendant delivered, or caused to be delivered, to his cellular telephone number.

24. Plaintiff is not, nor was, a customer of Defendant.

25. Plaintiff does not, nor did, have an account with Defendant.

26. Plaintiff did not provide telephone number (608) 774-XXXX to Defendant.

27. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (608) 774-XXXX.

28. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (608) 774-XXXX intended for a third-party unknown to Plaintiff.

29. Defendant placed, or caused to be placed, the subject calls to telephone number (608) 774-XXXX voluntarily.

30. Defendant placed, or caused to be placed, the subject calls to telephone number (608) 774-XXXX under its own free will.

31. Defendant placed, or caused to be placed, the subject calls to telephone number (608) 774-XXXX for non-emergency purposes, as indicated by the content of the messages.

32. Defendant's records will identify each call it placed, or caused to be placed, to telephone number (608) 774-XXXX.

33. Defendant's records will identify each artificial or prerecorded voice message it placed or delivered, or caused to be placed or delivered, to telephone number (608) 774-XXXX.

34. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used, or caused to be used, an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

35. Plaintiff found the artificial or prerecorded voicemail messages to be irritating and invasive.

36. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

37. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an

account with Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

38. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

39. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

40. The exact number of the members of the class is unknown to Plaintiff at this time and can be determined only through appropriate discovery.

41. The class is ascertainable because it is defined by reference to objective criteria.

42. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

43. Plaintiff's claims are typical of the claims of the members of the class.

44. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

45. Plaintiff's claims, and the claims of the members of the class, originate

from the same conduct, practice, and procedure on the part of Defendant.

46. Plaintiff's claims are based on the same theories as the claims of the members of the class.

47. Plaintiff suffered the same injuries as the members of the class.

48. Plaintiff will fairly and adequately protect the interests of the members of the class.

49. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

50. Plaintiff will vigorously pursue the claims of the members of the class.

51. Plaintiff has retained counsel experienced and competent in class action litigation.

52. Plaintiff's counsel will vigorously pursue this matter.

53. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

54. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

55. Issues of law and fact common to all members of the class are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

      c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

      d. Defendant's use of an artificial or prerecorded voice; and

      e. The availability of statutory penalties.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

57. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

58. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

59. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

60. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

61. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

62. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

63. There will be little difficulty in the management of this action as a class action.

64. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64.

66. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed, or caused to be placed, to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

67. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date:  November 3, 2025

Respectfully submitted,

By: */s/ Carly M. Roman*
Carly M. Roman (SBN 349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
T: (872) 263-1100
F: (872) 263-1109
croman@straussborrelli.com